## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFFREY ROBERT FLESNER; MONICA FLESNER; GAEANN WEVER; ELAINE MCCOY; KARRI SUE MEACHUM; RHONDA JOHNSON; NANCY UHL; DARCI PLUMB; VIRGINIA JACKSON; SARAH RUMBAUGH; JOVASIA SIERRA SPIKES; GLORIA TUIN,** individually, <br><br> **Plaintiffs**, <br><br> vs. <br><br> **AMERICAN CONTRACT SYSTEMS** <br> 11600 Adelmo Lane Fort Myers, FL; 7802 E Telecom Parkway, Temple Terrace, Florida 33637; 85 Shaffer Park Drive Tiffin, Ohio; 1601 SE Gateway Drive, Suite 120 Grimes, Iowa; 7702 Parnell St Houston, Texas; 4040 Jackson Pointe Court, Building 4000 Zelienople, Pennsylvania, <br><br> And <br><br> **JOHN DOE** <br> A fictitious designation pursuant to Pa. R. Civ. P. 2005 for any company, entity, corporation, LLC, fictitious name, or person whose name, identity and/or actions) are presently unknown to plaintiff but whose wrongful, reckless, and/or negligent misconduct, related to emissions of ethylene oxide from the following AMERICAN CONTRACT SYSTEMS facilities: 11600 Adelmo Lane Fort Myers, FL; 7802 E Telecom Parkway, Temple Terrace, Florida 33637; 85 Shaffer Park Drive Tiffin, Ohio; 1601 SE Gateway Drive, Suite 120 Grimes, Iowa; 7702 Parnell St Houston, Texas; 4040 Jackson Pointe Court, Building 4000 Zelienople, Pennsylvania caused harm, injuries, and/or damages to the plaintiff in this action. <br><br> **Defendants**. | Case No. _____ <br> Removed from: <br><br> First Judicial District of Pennsylvania Court of Common Pleas of Philadelphia County |

## DEFENDANT AMERICAN CONTRACT SYSTEMS, INC.'S
## ANSWER AND JURY DEMAND

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant American Contract Systems, Inc. ("ACS"), by and through counsel, respectfully responds by generally denying all allegations in the Notice to Plead and Complaint ("the Complaint") of plaintiffs Jeffrey Robert Flesner, Monica Flesner, Gaeann Wever, Elaine McCoy, Karri Sue Meachum, Rhonda Johnson, Nancy Uhl, Darci Plumb, Virginia Jackson, Sarah Rumbaugh, Jovasia Sierra Spikes, and Gloria Tuin, individually, and in their purported capacity as putative class representatives ("plaintiffs"), except as set forth below. The repetition of some of the Complaint's headings and subheadings is done solely for organizational purposes and is not an admission to their truth. Silence as to any allegation shall constitute a denial.

## COMPLAINT

The allegations in the paragraph under the header "COMPLAINT" constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations.

## NATURE OF THE ACTION

1. In response to the allegations in Paragraph 1 of the Complaint, ACS admits only that ethylene oxide is used to sterilize medical devices and some food products. ACS is unable to respond to the allegations in Paragraph 1 because the terms "recognized," "silently," "prevalent," and "surrounding population" are vague and ambiguous. To the extent that the allegations in Paragraph 1 refer to extrinsic documents not attached to or part of the Complaint, ACS states that such documents speak for themselves and denies such allegations to the extent they misstate or mischaracterize such documents. ACS denies any remaining allegations in Paragraph 1.

2. ACS is unable to respond to the allegations in Paragraph 2 of the Complaint because the terms "health implications," "continuous," "severe DNA mutations," "short-term exposure,"

2

and "Facility" are vague and ambiguous. The allegations in Paragraph 2 also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 2 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 2 of the Complaint.

3.      The allegations in Paragraph 3 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS is unable to respond to the allegations in Paragraph 3 because the terms "negligent handling," "the Facility," "reckless practices," and "ever-present," are vague, ambiguous, and constitute legal conclusions. ACS denies any remaining allegations in Paragraph 3 of the Complaint.

### INTRODUCTION

4.      The allegations in Paragraph 4 of the Complaint refer to extrinsic documents not attached to or part of the Complaint. ACS states that such documents speak for themselves and denies such allegations to the extent they misstate or mischaracterize such documents. ACS denies any remaining allegations in Paragraph 4 of the Complaint.

5.      To the extent that the allegations in Paragraph 5 of the Complaint refer to extrinsic documents not attached to or part of the Complaint, ACS states that such documents speak for themselves and denies such allegations to the extent they misstate or mischaracterize such documents. ACS denies the allegations in Paragraph 5 of the Complaint.

6.      ACS is unable to respond to the allegations in Paragraph 6 of the Complaint because the terms "substantial quantities," "surrounding community," "surrounding area," "facilities," "the Facility," "unknowingly," and "routine basis" are vague and ambiguous. Further, no response is

required to the extent that the allegations in Paragraph 6 also constitute legal conclusions. To the extent a response is required, ACS denies the allegations in Paragraph 6 of the Complaint.

7. ACS is unable to respond to the allegations in Paragraph 7 of the Complaint because the terms "surrounding community," "systemically emitted," and "extremely dangerous" are vague and ambiguous. Further, to the extent that the allegations in Paragraph 7 of the Complaint also constitute legal conclusions, no response is required. To the extent a response is required, ACS denies the allegations in Paragraph 7 of the Complaint.

8. ACS is unable to respond to the allegations in Paragraph 8 of the Complaint because the terms "industrial processes," "natural air movement," and "the Facility" are vague and ambiguous. ACS denies any remaining allegations in Paragraph 8 of the Complaint.

9. ACS is unable to respond to the allegations in Paragraph 9 of the Complaint because the terms "all relevant times," "dangerous," "toxic," "carcinogenic," "mutagenic," "various illnesses," "safe level," and "DNA-damaging effects" are vague and ambiguous. Further, no response is required to the extent that the allegations in Paragraph 9 of the Complaint also constitute legal and scientific conclusions. To the extent a response is required, ACS denies such allegations. To the extent that the allegations in Paragraph 9 of the Complaint refer to extrinsic documents not attached to or part of the Complaint, ACS states that such documents speak for themselves and denies such allegations to the extent they misstate or mischaracterize such documents. ACS denies any remaining allegations in Paragraph 9 of the Complaint.

10. The allegations in Paragraph 10 of the Complaint refer to extrinsic documents not attached to or part of the Complaint. ACS states that such documents speak for themselves and denies such allegations to the extent they misstate or mischaracterize such documents. To the extent the allegations in Paragraph 10 of the Complaint concern other "commercial sterilization

4

facilities," ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. Further, no response is required to the extent that the allegations in Paragraph 10 of the Complaint also constitute legal conclusions. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 10 of the Complaint.

**THE PARTIES**

**Class Representatives with Property Value Damage Claims**

11.    The allegations in Paragraph 11 of the Complaint concern a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS is unable to respond to the allegations in Paragraph 11 of the Complaint because the terms "Plaintiff," "Putative Class," "hazardous and toxic substances," "contaminants," "pollutants," "site," "communities," and "Site-related" are vague and ambiguous. The allegation in Paragraph 11 does not identify which "Plaintiff" or "Putative Class" is being referenced, or what claims the unspecified "Plaintiff and the Putative Class" assert. The allegations in Paragraph 11 of the Complaint also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 11 of the Complaint.

12.    The allegations in Paragraph 12 of the Complaint concern plaintiff Jeff Flesner, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS is unable to respond to the allegations in Paragraph 12 of the Complaint because the terms "vicinity," "Site," "contamination," "emanating," "migrating," and "hazardous substances" are vague and ambiguous. The allegations in Paragraph 12 of the Complaint also constitute legal

conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 12 of the Complaint.

13.    The allegations in Paragraph 13 of the Complaint concern Mr. Flesner, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS is unable to respond to the allegations in Paragraph 13 of the Complaint because the terms "Contaminants," "property," "neighborhood," "other areas," "near," "Site," "direct," "contact," and "materials" are vague and ambiguous. The allegations in Paragraph 13 of the Complaint also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 13 of the Complaint.

14.    The allegations in Paragraph 14 of the Complaint concern Mr. Flesner, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. To the extent the allegations in Paragraph 14 of the Complaint constitute legal conclusions, ACS states no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 14 of the Complaint.

15.    The allegations in Paragraph 15 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 15 also concern Mr. Flesner, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 15 of the Complaint.

16.     ACS is unable to respond to the allegations in Paragraph 16 of the Complaint because the terms "contamination," "polluting events," "Site," "stabilized," "areas," "impacted," "Contaminants," "many," "toxic exposures," and "continuing in nature" are vague and ambiguous. The allegations in Paragraph 16 also concern Mr. Flesner, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. To the extent the allegations in Paragraph 16 constitute legal conclusions, ACS states no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 16 of the Complaint.

17.     The allegations in Paragraph 17 of the Complaint concern plaintiff Monica Flesner, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS is unable to respond to the allegations in Paragraph 17 because the terms "vicinity," "Site," "contamination," "emanating," "migrating," and "hazardous substances" are vague and ambiguous. The allegations in Paragraph 17 also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 17 of the Complaint.

18.     The allegations in Paragraph 18 of the Complaint concern Mrs. Flesner, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS is unable to respond to the allegations in Paragraph 18 of the Complaint because the terms "Contaminants," "property," "neighborhood," "other areas," "near," "Site," "direct," "contact," and "materials" are vague and ambiguous. The allegations in Paragraph 18 also constitute legal

conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 18 of the Complaint.

19.    The allegations in Paragraph 19 of the Complaint concern Mrs. Flesner, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. To the extent the allegations in Paragraph 19 constitute legal conclusions, ACS states no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 19 of the Complaint.

20.    The allegations in Paragraph 20 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 20 also concern Ms. Flesner, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 20 of the Complaint.

21.    ACS is unable to respond to the allegations in Paragraph 21 of the Complaint because the terms "Contamination," "polluting events," "Site," "stabilized," "areas," "impacted," "Contaminants," "many," "toxic exposures," and "continuing in nature" are vague and ambiguous. The allegations in Paragraph 21 also concern Mrs. Flesner, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. To the extent the allegations in Paragraph 21 constitute legal conclusions, ACS states no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 21 of the Complaint.

**Class Representatives with Individual Personal Injury Claims**

22.     The allegations in Paragraph 22 of the Complaint concern plaintiff Elaine McCoy, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS is unable to respond to the allegations in Paragraph 22 of the Complaint because the terms "vicinity," "Site," "contamination," "emanating," "migrating," and "hazardous substances" are vague and ambiguous. The allegations in Paragraph 22 also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 22 of the Complaint.

23.     The allegations in Paragraph 23 of the Complaint concern Mrs. McCoy, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS is unable to respond to the allegations in Paragraph 23 because the terms "Contaminants," "property," "neighborhood," "other areas," "near," "Site," "direct," "contact," and "materials" are vague and ambiguous. The allegations in Paragraph 23 also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 23 of the Complaint.

24.     The allegations in Paragraph 24 of the Complaint concern Mrs. McCoy, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. To the extent the allegations in Paragraph 24 constitute legal conclusions, ACS states no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 24 of the Complaint.

25.    ACS is unable to respond to the allegations in Paragraph 25 of the Complaint because the terms "Contamination," "polluting events," "Site," "stabilized," "areas," "impacted," "Contaminants," "many," "toxic exposures," and "continuing in nature" are vague and ambiguous. The allegations in Paragraph 25 also concern Mrs. McCoy, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. To the extent the allegations in Paragraph 25 constitute legal conclusions, ACS states no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 25 of the Complaint.

26.    The allegations in Paragraph 26 of the Complaint concern plaintiff Sarah Rumbaugh, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS is unable to respond to the allegations in Paragraph 26 because the terms "vicinity," "Site," "contamination," "emanating," "migrating," and "hazardous substances" are vague and ambiguous. The allegations in Paragraph 26 also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 26 of the Complaint.

27.    The allegations in Paragraph 27 of the Complaint concern Mrs. Rumbaugh, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS is unable to respond to the allegations in Paragraph 27 because the terms "Contaminants," "property," "neighborhood," "other areas," "near," "Site," "direct," "contact," and "materials" are vague and ambiguous. The allegations in Paragraph 27 also constitute legal conclusions to which

no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 27 of the Complaint.

28.    The allegations in Paragraph 28 of the Complaint concern Mrs. Rumbaugh, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. To the extent the allegations in Paragraph 28 constitute legal conclusions, ACS states no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 28 of the Complaint.

29.    ACS is unable to respond to the allegations in Paragraph 29 of the Complaint because the terms "Contamination," "polluting events," "Site," "stabilized," "areas," "impacted," "Contaminants," "toxic exposures," and "continuing in nature" are vague and ambiguous. The allegations in Paragraph 29 also concern Mrs. Rumbaugh, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. To the extent the allegations in Paragraph 29 constitute legal conclusions, ACS states no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 29 of the Complaint.

**Class Representatives with Medical Monitoring Claims**

30.    The allegations in Paragraph 30 of the Complaint concern plaintiff Sarah Rumbaugh, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS is unable to respond to the allegations in Paragraph 30 because the terms "vicinity," "Site," "contamination," "emanating," "migrating," "hazardous substances," "serious," and

11

"latent" are vague and ambiguous. The allegations in Paragraph 30 also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 30 of the Complaint.

31.    The allegations in Paragraph 31 of the Complaint concern plaintiff, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS is unable to respond to the allegations in Paragraph 31 because the terms "EtO-related," "conditions," "ongoing," "surveillance," "testing," "latent," and "prolonged" are vague and ambiguous. ACS denies any remaining allegations in Paragraph 31 of the Complaint.

32.    ACS is unable to respond to the allegations in Paragraph 32 of the Complaint because the terms "contamination," "polluting events," "Site," "stabilized," "areas," "impacted," "Contaminants," "toxic exposures," and "continuing in nature" are vague and ambiguous. The allegations in Paragraph 32 also concern plaintiff, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. To the extent the allegations in Paragraph 32 constitute legal conclusions, ACS states no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 32 of the Complaint.

**Allegations on Behalf of All Plaintiffs**

33.    The allegations in Paragraph 33 of the Complaint concern Gaeann Wever, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS is unable to respond to the allegations in Paragraph 33 because the terms "vicinity," "Site," "contamination," "emanating," "migrating," and "hazardous substances" are vague and

12

ambiguous. The allegations in Paragraph 33 also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 33 of the Complaint.

34.     The allegations in Paragraph 34 of the Complaint concern Mrs. Wever, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS is unable to respond to the allegations in Paragraph 34 because the terms "Contaminants," "property," "neighborhood," "other areas," "near," "Site," "direct," "contact," and "materials" are vague and ambiguous. The allegations in Paragraph 34 also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 34 of the Complaint.

35.     The allegations in Paragraph 35 of the Complaint concern Mrs. Wever, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. To the extent the allegations in Paragraph 35 constitute legal conclusions, ACS states no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 35 of the Complaint.

36.     ACS is unable to respond to the allegations in Paragraph 36 of the Complaint because the terms "Contamination," "polluting events," "Site," "stabilized," "areas," "impacted," "Contaminants," "toxic exposures," and "continuing in nature" are vague and ambiguous. The allegations in Paragraph 36 also concern Mrs. Wever, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. To the extent the allegations in Paragraph 36

constitute legal conclusions, ACS states no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 36 of the Complaint.

37. The allegations in Paragraph 37 of the Complaint concern plaintiff Jovasia Sierra Spikes, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS is unable to respond to the allegations in Paragraph 37 because the terms "vicinity," "Site," "contamination," "emanating," "migrating," and "hazardous substances" are vague and ambiguous. The allegations in Paragraph 37 also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 37 of the Complaint.

38. The allegations in Paragraph 38 of the Complaint concern Mrs. Spikes, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS is unable to respond to the allegations in Paragraph 38 because the terms "Contaminants," "property," "neighborhood," "other areas," "near," "Site," "direct," "contact," and "materials" are vague and ambiguous. The allegations in Paragraph 38 also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 38 of the Complaint.

39. The allegations in Paragraph 39 of the Complaint concern Mrs. Spikes, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. To the extent the allegations in Paragraph 39 constitute legal conclusions, ACS states no response is required. To

the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 39 of the Complaint.

40.    ACS is unable to respond to the allegations in Paragraph 40 of the Complaint because the terms "Contamination," "polluting events," "Site," "stabilized," "areas," "impacted," "Contaminants," "many," "toxic exposures," and "continuing in nature" are vague and ambiguous. The allegations in Paragraph 40 also concern Mrs. Spikes, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. To the extent the allegations in Paragraph 40 constitute legal conclusions, ACS states no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 40 of the Complaint.

41.    The allegations in Paragraph 41 of the Complaint concern plaintiff Gloria Tuin, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS is unable to respond to the allegations in Paragraph 41 because the terms "vicinity," "Site," "contamination," "emanating," "migrating," and "hazardous substances" are vague and ambiguous. The allegations in Paragraph 41 also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 41 of the Complaint.

42.    The allegations in Paragraph 42 of the Complaint concern Mrs. Tuin, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS is unable to respond to the allegations in Paragraph 42 because the terms "Contaminants," "property,"

"neighborhood," "other areas," "near," "Site," "direct," "contact," and "materials" are vague and ambiguous. The allegations in Paragraph 42 also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 42 of the Complaint.

43.     The allegations in Paragraph 43 of the Complaint concern Mrs. Tuin, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. To the extent the allegations in Paragraph 43 constitute legal conclusions, ACS states no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 43 of the Complaint.

44.     ACS is unable to respond to the allegations in Paragraph 44 of the Complaint because the terms "Contamination," "polluting events," "Site," "stabilized," "areas," "impacted," "Contaminants," "toxic exposures," and "continuing in nature" are vague and ambiguous. The allegations in Paragraph 44 also concern Mrs. Tuin, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. To the extent the allegations in Paragraph 44 constitute legal conclusions, ACS states no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 44 of the Complaint.

45.     The allegations in Paragraph 45 of the Complaint concern plaintiff Karri Sue Meacham, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS is unable to respond to the allegations in Paragraph 45 because the terms "vicinity,"

16

"Site," "contamination," "emanating," "migrating," and "hazardous substances" are vague and ambiguous. The allegations in Paragraph 45 also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 45 of the Complaint.

46.     The allegations in Paragraph 46 of the Complaint concern Mrs. Meacham, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS is unable to respond to the allegations in Paragraph 46 because the terms "Contaminants," "property," "neighborhood," "other areas," "near," "Site," "direct," "contact," and "materials" are vague and ambiguous. The allegations in Paragraph 46 also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 46 of the Complaint.

47.     The allegations in Paragraph 47 of the Complaint concern Mrs. Meacham, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. To the extent the allegations in Paragraph 47 constitute legal conclusions, ACS states no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 47 of the Complaint.

48.     ACS is unable to respond to the allegations in Paragraph 48 of the Complaint because the terms "Contamination," "polluting events," "Site," "stabilized," "areas," "impacted," "Contaminants," "toxic exposures," and "continuing in nature" are vague and ambiguous. The allegations in Paragraph 48 also concern Mrs. Meacham, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth

of such allegations and therefore denies the same. To the extent the allegations in Paragraph 48 constitute legal conclusions, ACS states no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 48 of the Complaint.

49.  The allegations in Paragraph 49 of the Complaint concern plaintiff Rhonda Johnson, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS is unable to respond to the allegations in Paragraph 49 because the terms "vicinity," "Site," "contamination," "emanating," "migrating," and "hazardous substances" are vague and ambiguous. The allegations in Paragraph 49 also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 49 of the Complaint.

50.  The allegations in Paragraph 50 of the Complaint concern Mrs. Johnson, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS is unable to respond to the allegations in Paragraph 50 because the terms "Contaminants," "property," "neighborhood," "other areas," "near," "Site," "direct," "contact," and "materials" are vague and ambiguous. The allegations in Paragraph 50 also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 50 of the Complaint.

51.  The allegations in Paragraph 51 of the Complaint concern Mrs. Johnson, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. To

18

the extent the allegations in Paragraph 51 constitute legal conclusions, ACS states no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 51 of the Complaint.

52.     ACS is unable to respond to the allegations in Paragraph 52 of the Complaint because the terms "Contamination," "polluting events," "Site," "stabilized," "areas," "impacted," "Contaminants," "toxic exposures," and "continuing in nature" are vague and ambiguous. The allegations in Paragraph 52 also concern Mrs. Johnson, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. To the extent the allegations in Paragraph 52 constitute legal conclusions, ACS states no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 52 of the Complaint.

53.     The allegations in Paragraph 53 of the Complaint concern plaintiff Nancy Uhl, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS is unable to respond to the allegations in Paragraph 53 because the terms "vicinity," "Site," "contamination," "emanating," "migrating," and "hazardous substances" are vague and ambiguous. The allegations in Paragraph 53 also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 53 of the Complaint.

54.     The allegations in Paragraph 54 of the Complaint concern Mrs. Uhl, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS is unable to

19

respond to the allegations in Paragraph 54 because the terms "Contaminants," "property," "neighborhood," "other areas," "near," "Site," "direct," "contact," and "materials" are vague and ambiguous. The allegations in Paragraph 54 also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 54 of the Complaint.

55.    The allegations in Paragraph 55 of the Complaint concern Mrs. Uhl, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. To the extent the allegations in Paragraph 55 constitute legal conclusions, ACS states no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 55 of the Complaint.

56.    ACS is unable to respond to the allegations in Paragraph 56 of the Complaint because the terms "Contamination," "polluting events," "Site," "stabilized," "areas," "impacted," "Contaminants," "toxic exposures," and "continuing in nature" are vague and ambiguous. The allegations in Paragraph 56 also concern Mrs. Uhl, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. To the extent the allegations in Paragraph 56 constitute legal conclusions, ACS states no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 56 of the Complaint.

57.    The allegations in Paragraph 57 of the Complaint concern plaintiff Darci Plumb, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS is unable to respond to the allegations in Paragraph 57 because the terms "vicinity," "Site,"

20

"contamination," "emanating," "migrating," "hazardous substances" are vague and ambiguous. The allegations in Paragraph 57 also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 57 of the Complaint.

58.     The allegations in Paragraph 58 of the Complaint concern Mrs. Plumb, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS is unable to respond to the allegations in Paragraph 58 because the terms "Contaminants," "property," "neighborhood," "other areas," "near," "Site," "direct," "contact," and "materials" are vague and ambiguous. The allegations in Paragraph 58 also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 58 of the Complaint.

59.     The allegations in Paragraph 59 of the Complaint concern Mrs. Plumb, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. To the extent the allegations in Paragraph 59 constitute legal conclusions, ACS states no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 59 of the Complaint.

60.     ACS is unable to respond to the allegations in Paragraph 60 of the Complaint because the terms "Contamination," "polluting events," "Site," "stabilized," "areas," "impacted," "Contaminants," "toxic exposures," and "continuing in nature" are vague and ambiguous. The allegations in Paragraph 60 also concern Mrs. Plumb, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth

21

of such allegations and therefore denies the same. To the extent the allegations in Paragraph 60 constitute legal conclusions, ACS states no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 36 of the Complaint.

61.    The allegations in Paragraph 61 of the Complaint concern plaintiff Virginia Jackson, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS is unable to respond to the allegations in Paragraph 61 because the terms "vicinity," "Site," "contamination," "emanating," "migrating," and "hazardous substances" are vague and ambiguous. The allegations in Paragraph 61 also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 61 of the Complaint.

62.    ACS is unable to respond to the allegations in Paragraph 62 of the Complaint because the terms "Contamination," "polluting events," "Site," "stabilized," and "eliminated" are vague and ambiguous. To the extent the allegations in Paragraph 62 constitute legal conclusions, ACS states no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 62 of the Complaint.

63.    The allegations in Paragraph 63 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 63 also refer to extrinsic documents not attached to or part of the Complaint, ACS states that such documents speak for themselves and denies such allegations to the extent they misstate or mischaracterize such documents. ACS denies any remaining allegations in Paragraph 63 of the Complaint.

64.    The allegations in Paragraph 64 of the Complaint concern plaintiff, a party other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. The allegations in Paragraph 64 of the Complaint also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 64 of the Complaint also refer to extrinsic documents not attached to or part of the Complaint. ACS states that such documents speak for themselves and denies such allegations to the extent they misstate or mischaracterize such documents. ACS denies any remaining allegations in Paragraph 64 of the Complaint.

65.    The allegations in Paragraph 65 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 65 of the Complaint.

## JURISDICTION AND VENUE

66.    The allegations in Paragraph 66 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations.

67.    The allegations in Paragraph 67 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations.

68.    In response to the allegations in Paragraph 68 of the Complaint, ACS admits only that it is a corporation incorporated in the State of Minnesota. ACS also admits that its principal place of business is located at 4801 West 81st Street, Suite 110, Bloomington, Minnesota 55437. ACS denies that its principal place of business is located at 10900 Nuckols Road, Suite 400, Glen Allen, Virginia 23060. ACS denies any remaining allegations in Paragraph 68 of the Complaint.

69.    The allegations in Paragraph 69 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations.

70.    Paragraph 70 of the Complaint appears to be a typographical error, containing no allegations. To the extent a response is required, ACS denies such allegations.

71.    ACS is unable to respond to the allegations in Paragraph 71 of the Complaint because the terms "plaintiff" and "putative class" are vague and ambiguous. The allegations in Paragraph 71 do not identify which "plaintiff" or "putative class" is being referenced, or what claims the unspecified "plaintiff and the putative class" assert. Further, no response is required to the extent that the allegations in Paragraph 71 also constitute legal conclusions relating to alleged "emissions of ethylene oxide from the American Contract Systems, Inc. plant(s)." To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 71 of the Complaint also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 71 of the Complaint.

## OPERATIVE FACTS COMMON TO ALL COUNTS

72.    The allegations in Paragraph 72 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 72 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 72 of the Complaint.

73. ACS is unable to respond to the allegations in Paragraph 73 of the Complaint because the terms "operate," "sterilization facility," and "Facility(ies)" are vague and ambiguous. The allegation in Paragraph 73 does not identify which "sterilization facility" or "Facility(ies)" are being referenced, or what claims are being asserted against which "sterilization facility" or "Facility(ies)." To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of the allegation and therefore denies the same. ACS denies that it has sterilized medical equipment at any of the locations identified in the complaint in, or prior to, the 1990s. The allegations in Paragraph 73 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 73 of the Complaint.

74. ACS is unable to respond to the allegations in Paragraph 74 of the Complaint because the term "Facility" and the phrase "on the real property(ies)" are vague and ambiguous. The allegations in Paragraph 74 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 74 of the Complaint.

75. The allegations in Paragraph 75 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 75 of the Complaint. The allegations in Paragraph 75 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to

form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 75 of the Complaint.

76. The allegations in Paragraph 76 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 76 of the Complaint. The allegations in Paragraph 76 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 76 of the Complaint.

77. The allegations in Paragraph 77 of the Complaint concern parties other than ACS. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS is unable to respond to the allegations in Paragraph 77 of the Complaint because the phrases "significant amount of time" and "unsafe and hazardous levels," and the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 77 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 77 also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 77 of the Complaint.

78. ACS is unable to respond to the allegations in Paragraph 78 of the Complaint because the terms "Toxic chemicals," "fumes," "released," "ongoing," "Plaintiff," "putative class's property and person," and "duration" are vague and ambiguous. The allegation in Paragraph 78 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the

unspecified "Plaintiff and the putative class" assert. ACS denies any remaining allegations in Paragraph 78 of the Complaint.

79.    ACS is unable to respond to the allegations in Paragraph 79 of the Complaint because the terms "Plaintiff," "putative class," and "dangerous levels" are vague and ambiguous. The allegation in Paragraph 79 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 79 also include purported facts concerning a party other than ACS, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 79 of the Complaint.

80.    In response to the allegations in Paragraph 80 of the Complaint, ACS admits only that ethylene oxide ("EtO") is an odorless, colorless, and flammable gas at room temperature. ACS is unable to respond to the allegations in Paragraph 80 of the Complaint because the terms "large volumes" and "industrial uses" are vague and ambiguous. ACS denies any remaining allegations in Paragraph 80 of the Complaint.

81.    In response to the allegations in Paragraph 81 of the Complaint, ACS admits only that it sterilizes medical devices using small amounts of ethylene oxide. To the extent the allegations in Paragraph 81 concern parties other than ACS, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 81 of the Complaint.

82.    The allegations in Paragraph 82 of the Complaint concern a sterilization process not used by ACS and about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and

27

therefore denies the same. ACS denies any remaining allegations in Paragraph 82 of the Complaint.

83.    ACS is unable to respond to the allegations in Paragraph 83 of the Complaint because the terms "industrial processes" and "area surrounding the facilities" are vague and ambiguous. The allegations in Paragraph 83 of the Complaint also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 83 of the Complaint.

84.    ACS is unable to respond to the allegations in Paragraph 84 of the Complaint because the terms "highly reactive," "efficiently absorbed," "readily taken up," or "easily distributed" are vague and ambiguous. The allegations in Paragraph 84 constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 84 of the Complaint.

85.    ACS is unable to respond to the allegations in Paragraph 85 of the Complaint because the terms "relevant times," "dangerous," "safe level," "cumulative EtO exposure," "DNA-damaging effects" and "previously thought" are vague and ambiguous. The allegations in Paragraph 85 also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 85 also refer to extrinsic documents not attached to or part of the Complaint. ACS states that such documents

speak for themselves and denies such allegations to the extent they misstate or mischaracterize such documents. ACS denies any remaining allegations in Paragraph 85 of the Complaint.

86.     ACS is unable to respond to the allegations in Paragraph 86 of the Complaint because the phrase "contracting a serious disease" is vague and ambiguous. The allegations in Paragraph 86 of the Complaint also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 86 of the Complaint.

87.     ACS is unable to respond to the allegations in Paragraph 87 of the Complaint because the terms "technologies," "control," "widely used," and "best practices" are vague and ambiguous. The allegations in Paragraph 87 of the Complaint also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 87 of the Complaint.

88.     ACS is unable to respond to the allegations in Paragraph 88 of the Complaint because the terms "sophisticated," "long-term," "users," "transporters," "dangers," "superior knowledge," "Plaintiff," and "putative class" are vague and ambiguous. The allegation in Paragraph 88 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 88 of the Complaint also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 88 of the Complaint.

89.     ACS is unable to respond to the allegations in Paragraph 89 of the Complaint because the term "harmful properties" is vague and ambiguous. The allegations in Paragraph 89 of the Complaint also constitute legal conclusions to which no response is required. To the extent

a response is required, ACS denies such allegations. To the extent that the allegations in Paragraph 89 refer to extrinsic documents not attached to or part of the Complaint, ACS states that such documents speak for themselves and denies such allegations to the extent they misstate or mischaracterize such documents. ACS denies any remaining allegations in Paragraph 89 of the Complaint.

    a. The allegations in Paragraph 89(a) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. To the extent the allegations in Paragraph 89(a) of the Complaint refer to extrinsic documents not attached to or part of the Complaint, ACS states that such documents speak for themselves and denies such allegations to the extent they misstate or mischaracterize such documents. ACS denies any remaining allegations in Paragraph 89(a) of the Complaint.

    b. The allegations in Paragraph 89(b) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. To the extent the allegations in Paragraph 89(b) of the Complaint refer to extrinsic documents not attached to or part of the Complaint, ACS states that such documents speak for themselves and denies such allegations to the extent they misstate or mischaracterize such documents. ACS denies any remaining allegations in Paragraph 89(b) of the Complaint.

    c. The allegations in Paragraph 89(c) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. To the extent the allegations in Paragraph 89(c) of the Complaint refer to extrinsic documents not attached to or part of the Complaint, ACS states

that such documents speak for themselves and denies such allegations to the extent they misstate or mischaracterize such documents. ACS denies any remaining allegations in Paragraph 89(c) of the Complaint.

d. The allegations in Paragraph 89(d) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. To the extent the allegations in Paragraph 89(d) of the Complaint refer to extrinsic documents not attached to or part of the Complaint, ACS states that such documents speak for themselves and denies such allegations to the extent they misstate or mischaracterize such documents. ACS denies any remaining allegations in Paragraph 89(d) of the Complaint.

e. The allegations in Paragraph 89(e) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. To the extent the allegations in Paragraph 89(e) of the Complaint refer to extrinsic documents not attached to or part of the Complaint, ACS states that such documents speak for themselves and denies such allegations to the extent they misstate or mischaracterize such documents. ACS denies any remaining allegations in Paragraph 89(e) of the Complaint.

f. The allegations in Paragraph 89(f) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. To the extent the allegations in Paragraph 89(f) of the Complaint refer to extrinsic documents not attached to or part of the Complaint, ACS states that such documents speak for themselves and denies such allegations to the extent

they misstate or mischaracterize such documents. ACS denies any remaining allegations in Paragraph 89(f) of the Complaint.

g.  The allegations in Paragraph 89(g) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. To the extent the allegations in Paragraph 89(g) of the Complaint refer to extrinsic documents not attached to or part of the Complaint, ACS states that such documents speak for themselves and denies such allegations to the extent they misstate or mischaracterize such documents. ACS denies any remaining allegations in Paragraph 89(g) of the Complaint.

h.  The allegations in Paragraph 89(h) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. To the extent the allegations in Paragraph 89(h) of the Complaint refer to extrinsic documents not attached to or part of the Complaint, ACS states that such documents speak for themselves and denies such allegations to the extent they misstate or mischaracterize such documents. ACS denies any remaining allegations in Paragraph 89(h) of the Complaint.

i.  The allegations in Paragraph 89(i) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. To the extent the allegations in Paragraph 89(i) refer to extrinsic documents not attached to or part of the Complaint, ACS states that such documents speak for themselves and denies such allegations to the extent they misstate or mischaracterize such documents. ACS denies any remaining allegations in Paragraph 89(i) of the Complaint.

j. The allegations in Paragraph 89(j) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. To the extent the allegations in Paragraph 89(j) of the Complaint refer to extrinsic documents not attached to or part of the Complaint, ACS states that such documents speak for themselves and denies such allegations to the extent they misstate or mischaracterize such documents. ACS denies any remaining allegations in Paragraph 89(j) of the Complaint.

90. The allegations in Paragraph 90 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. To the extent the allegations in Paragraph 90 of the Complaint refer to extrinsic documents not attached to or part of the Complaint, ACS states that such documents speak for themselves and denies such allegations to the extent they misstate or mischaracterize such documents. ACS denies any remaining allegations in Paragraph 90 of the Complaint.

91. ACS denies the allegations in Paragraph 91 of the Complaint. The allegations in Paragraph 91 are also directed at an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. Further, no response is required to the extent that the allegations in Paragraph 91 also constitute legal conclusions. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 91 of the Complaint.

92. ACS is unable to respond to the allegations in Paragraph 92 of the Complaint because the terms "all relevant times," "control measures," "upgrade," "equipment," "intentional shortening," "other unsafe practices," "surrounding community," "unhealthy," and "dangerous,"

33

are vague and ambiguous. The allegations in Paragraph 92 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 92 also refer to extrinsic documents not attached to or part of the Complaint. ACS states that such documents speak for themselves and denies such allegations to the extent they misstate or mischaracterize such documents. ACS denies any remaining allegations in Paragraph 92 of the Complaint.

93.     ACS is unable to respond to the allegations in Paragraph 93 of the Complaint because the terms "all relevant times," "train," "unsafe practices," "risky," "sterilization practices," "saving money" are vague and ambiguous. The allegations in Paragraph 93 of the Complaint also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 93 of the Complaint.

94.     ACS is unable to respond to the allegations in Paragraph 94 of the Complaint because the terms "faulty," "ineffective," "training systems," "supervision," "unfitness," "jobs," and "safely" are vague and ambiguous. The allegations in Paragraph 94 of the Complaint also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 94 of the Complaint.

95.     ACS is unable to respond to the allegations in Paragraph 95 of the Complaint because the terms "widely," "negative health effects," and "well documented" are vague and ambiguous. The allegations in Paragraph 95 of the Complaint also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. To the extent the allegations in Paragraph 95 refer to extrinsic documents not attached to or part

of the Complaint, ACS states that such documents speak for themselves and denies such allegations to the extent they misstate or mischaracterize such documents. ACS denies any remaining allegations in Paragraph 95 of the Complaint.

96. In response to the allegations in Paragraph 96 of the Complaint, ACS admits only that it sterilizes medical devices using small amounts of ethylene oxide during its medical sterilization operations. To the extent the allegations in Paragraph 96 concern parties other than ACS, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 96 of the Complaint.

97. The allegations in Paragraph 97 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 97 of the Complaint.

98. In response to the allegations in Paragraph 98 of the Complaint, ACS admits only that ethylene oxide ("EtO") is an odorless, colorless, and flammable gas at room temperature. ACS lacks sufficient knowledge or information to form a belief as to the truth of the allegation that "it is typically handled and shipped as a refrigerated liquid to mitigate those risks" and therefore denies the same. ACS denies any remaining allegations in Paragraph 98 of the Complaint.

99. The allegations in Paragraph 99 of the Complaint refer to extrinsic documents not attached to or part of the Complaint. ACS states that such documents speak for themselves and denies such allegations to the extent they misstate or mischaracterize such documents. ACS denies any remaining allegations in Paragraph 99 of the Complaint.

100. In response to the allegations in Paragraph 100 of the Complaint, ACS admits only that ("EtO") defined as ethylene oxide is an odorless gas. ACS is unable to respond to the

allegations in Paragraph 100 of the Complaint because the terms "explosive," "quality," "concentrated," "scenarios," "additive," "products", "users," "nearby," "leaks," "measures," "proven," "effective," "alerting," "propane users," "problem," "safety," and "precautions" are vague and ambiguous. The allegations in Paragraph 100 are also directed at an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. Further, no response is required to the extent that the allegations in Paragraph 100 also constitute legal conclusions. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 100 of the Complaint.

101. The allegations in Paragraph 101 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS is unable to respond to the allegations in Paragraph 101 of the Complaint because the terms "manufacturing," "distributing," "using," "odorous substances," "alert," "employees", "neighborhoods," and "endangering," are vague and ambiguous. The allegations in Paragraph 101 are also directed at a fictitious defendant, John Doe. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 101 of the Complaint.

102. The allegations in Paragraph 102 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations because the terms "subjected to," "dangerous," "toxic," "carcinogenic," "mutagenic," and "various illnesses." are vague and ambiguous. The allegations in Paragraph 102 are also directed at an

unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 102 of the Complaint.

**COUNT I**

**NEGLIGENCE**

**PLAINTIFF v. DEFENDANTS**

103.    ACS is unable to respond to the allegations in Paragraph 103 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 103 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. Further, no response is required to the extent that the allegations in Paragraph 103 also constitute legal conclusions. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 103 of the Complaint.

104.    The allegations in Paragraph 104 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 104 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 104 of the Complaint.

      a.  The allegations in Paragraph 104(a) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 104(a) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a

37

response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 104(a) of the Complaint.

b.  The allegations in Paragraph 104(b) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 104(b) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 104(b) of the Complaint.

c.  ACS is unable to respond to the allegations in Paragraph 104(c) because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 104(c) does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 104(c) of the Complaint also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 104(c) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 104(c) of the Complaint.

d.  The allegations in Paragraph 104(d) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies

38

such allegations. The allegations in Paragraph 104(d) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 104(d) of the Complaint.

e.  The allegations in Paragraph 104(e) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 104(e) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 104(e) of the Complaint.

f.  The allegations in Paragraph 104(f) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 104(f) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 104(f) of the Complaint.

g.  The allegations in Paragraph 104(g) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 104(g) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a

response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 104(g) of the Complaint.

h. ACS is unable to respond to the allegations in Paragraph 104(h) because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 104(h) does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 104(h) of the Complaint also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 104(h) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 104(h) of the Complaint.

i. The allegations in Paragraph 104(i) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 104(i) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 104(i) of the Complaint.

j. The allegations in Paragraph 104(j) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies

such allegations. The allegations in Paragraph 104(j) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 104(j) of the Complaint.

k. The allegations in Paragraph 104(k) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 104(k) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 104(k) of the Complaint.

l. The allegations in Paragraph 104(l) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 104(l) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 104(l) of the Complaint.

m. The allegations in Paragraph 104(m) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 104(m) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a

response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 104(m) of the Complaint.

n. The allegations in Paragraph 104(n) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 104(n) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 104(n) of the Complaint.

o. The allegations in Paragraph 104(o) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 104(o) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 104(o) of the Complaint.

p. The allegations in Paragraph 104(p) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 104(p) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a

belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 104(p) of the Complaint.

q. The allegations in Paragraph 104(q) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 104(q) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 104(q) of the Complaint.

105. ACS is unable to respond to the allegations in Paragraph 105 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 105 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 105 of the Complaint also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 105 of the Complaint.

106. The allegations in Paragraph 106 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS is unable to respond to the allegations in Paragraph 106 because the terms "Site," "Plaintiff," and "putative class" are vague and ambiguous. The allegation in Paragraph 106 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 106 of the Complaint also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a

43

response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 106 of the Complaint.

107.    The allegations in Paragraph 107 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS is unable to respond to the allegations in Paragraph 107 because the terms "Site," "Plaintiff," and "putative class" are vague and ambiguous. The allegation in Paragraph 107 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 107 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 107 of the Complaint.

108.    ACS is unable to respond to the allegations in Paragraph 108 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 108 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. Further, no response is required to the extent that the allegations in Paragraph 108 also constitute legal conclusions. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 108 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 108 of the Complaint.

109. ACS is unable to respond to the allegations in Paragraph 109 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 109 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. Further, no response is required to the extent that the allegations in Paragraph 109 also constitute legal conclusions. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 109 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 109 of the Complaint.

110. ACS is unable to respond to the allegations in Paragraph 110 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 110 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. Further, no response is required to the extent that the allegations in Paragraph 110 also constitute legal conclusions. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 110 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 110 of the Complaint.

111. ACS is unable to respond to the allegations in Paragraph 111 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 111 does not identify which "Plaintiff" or "putative class" is being referenced, or what

45

claims the unspecified "Plaintiff and the putative class" assert. Further, no response is required to the extent that the allegations in Paragraph 111 also constitute legal conclusions. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 111 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 111 of the Complaint.

112.    ACS is unable to respond to the allegations in Paragraph 112 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 112 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 112 of the Complaint also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 112 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 112 of the Complaint.

113.    ACS is unable to respond to the allegations in Paragraph 113 of the Complaint because the term "Site" is vague and ambiguous. Further, no response is required to the extent that the allegations in Paragraph 113 also constitute legal conclusions. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 113 also concern a fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and

therefore denies the same. ACS denies any remaining allegations in Paragraph 113 of the Complaint.

114.    The allegations in Paragraph 114 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 114 also concern a fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 114 of the Complaint.

115.    ACS is unable to respond to the allegations in Paragraph 115 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 115 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 115 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 115 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 115 of the Complaint.

116.    ACS is unable to respond to the allegations in Paragraph 116, and the subsequent WHEREFORE clause, of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 116, and the subsequent WHEREFORE clause, does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 116, and the

subsequent WHEREFORE clause, of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 116 and the subsequent WHEREFORE clause also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 116 and the subsequent WHEREFORE clause of the Complaint.

**COUNT II**
**<u>ABNORMALLY DANGEROUS ACTIVITY</u>**
**PLAINTIFF v. DEFENDANTS**

117.    ACS is unable to respond to the allegations in Paragraph 117 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 117 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 117 of the Complaint also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 117 of the Complaint.

118.    The allegations in Paragraph 118 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 118 of the Complaint.

119.    The allegations in Paragraph 119 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 119 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge

48

or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 119 of the Complaint.

120.    ACS is unable to respond to the allegations in Paragraph 120 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 120 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. Further, no response is required to the extent that the allegations in Paragraph 120 also constitute legal conclusions. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 120 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 120 of the Complaint.

121.    The allegations in Paragraph 121 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 121 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 121 of the Complaint.

122.    The allegations in Paragraph 122 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 122 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge

or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 122 of the Complaint.

123.    The allegations in Paragraph 123 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 123 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 123 of the Complaint.

124.    The allegations in Paragraph 124 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 124 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 124 of the Complaint.

125.    ACS is unable to respond to the allegations in Paragraph 125 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 125 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. Further, no response is required to the extent that the allegations in Paragraph 125 also constitute legal conclusions. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 125 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth

of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 125 of the Complaint.

126.    ACS is unable to respond to the allegations in Paragraph 126 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 126 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. Further, no response is required to the extent that the allegations in Paragraph 126 also constitute legal conclusions. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 126 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 126 of the Complaint.

127.    ACS is unable to respond to the allegations in Paragraph 127 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 127 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. Further, no response is required to the extent that the allegations in Paragraph 127 also constitute legal conclusions. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 127 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 127 of the Complaint.

128.    ACS is unable to respond to the allegations in Paragraph 128 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 128 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. Further, no response is required to the extent that the allegations in Paragraph 128 also constitute legal conclusions. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 128 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 128 of the Complaint.

129.    The allegations in Paragraph 129 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 129 of the Complaint.

130.    ACS is unable to respond to the allegations in Paragraph 130 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 130 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. Further, no response is required to the extent that the allegations in Paragraph 130 also constitute legal conclusions. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 130 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 130 of the Complaint.

131. ACS is unable to respond to the allegations in Paragraph 131 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 131 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. Further, no response is required to the extent that the allegations in Paragraph 131 also constitute legal conclusions. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 131 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 131 of the Complaint.

132. ACS is unable to respond to the allegations in Paragraph 132 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 132 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 132 of the Complaint also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 132 of the Complaint.

133. ACS is unable to respond to the allegations in Paragraph 133 of the Complaint, and the subsequent WHEREFORE clause, of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 133, and the subsequent WHEREFORE clause, does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 133, and the subsequent WHEREFORE clause, of the Complaint constitute legal

conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 133 and the subsequent WHEREFORE clause also concern Plaintiff, a party other than ACS, and an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 133 and the subsequent WHEREFORE clause of the Complaint.

**COUNT III**

**<u>PUBLIC NUISANCE</u>**

**PLAINTIFF v. DEFENDANT**

134.    ACS is unable to respond to the allegations in Paragraph 134 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 134 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 134 of the Complaint also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 134 of the Complaint.

135.    The allegations in Paragraph 135 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 135 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 135 of the Complaint.

136.    The allegations in Paragraph 136 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 136 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 136 of the Complaint.

137.    ACS is unable to respond to the allegations in Paragraph 137 of the Complaint because the terms "use and emissions" and "significant amount" are vague and ambiguous. The allegations in Paragraph 137 of the Complaint also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 137 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 137 of the Complaint.

138.    ACS is unable to respond to the allegations in Paragraph 138 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 138 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 138 also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 138 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth

of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 138 of the Complaint.

139.    ACS is unable to respond to the allegations in Paragraph 139 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 139 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. Further, no response is required to the extent that the allegations in Paragraph 139 also constitute legal conclusions. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 139 of the Complaint.

140.    The allegations in Paragraph 140 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 140 of the Complaint.

141.    ACS is unable to respond to the allegations in Paragraph 141 of the Complaint because the terms "toxic," "dangerous," "ultrahazardous," "carcinogenic," "Plaintiff," and "putative class" are vague and ambiguous. The allegation in Paragraph 141 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. Further, no response is required to the extent that the allegations in Paragraph 141 constitute legal conclusions. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 141 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 141 of the Complaint.

142.    ACS is unable to respond to the allegations in Paragraph 142 of the Complaint because the terms "use and emissions," "dangerous and excessive," "increased and elevated," "Plaintiff," and "putative class" are vague and ambiguous. The allegation in Paragraph 142 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. Further, no response is required to the extent that the allegations in Paragraph 142 of the Complaint constitute legal conclusions. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 142 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 142 of the Complaint.

143.    ACS is unable to respond to the allegations in Paragraph 143 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 143 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 143 of the Complaint also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 143 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 143 of the Complaint.

144.    ACS is unable to respond to the allegations in Paragraph 144 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in

Paragraph 144 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. Further, no response is required to the extent that the allegations in Paragraph 144 constitute legal conclusions. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 144 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 144 of the Complaint.

145. ACS is unable to respond to the allegations in Paragraph 145 of the Complaint, and the subsequent WHEREFORE clause, of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 145, and the subsequent WHEREFORE clause, does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. Further, no response is required to the extent that the allegations in Paragraph 145 and the subsequent WHEREFORE clause constitute legal conclusions. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 145 and the subsequent WHEREFORE clause also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 145 and the subsequent WHEREFORE clause of the Complaint.

## COUNT IV
## FRAUD
## PLAINTIFF v. DEFENDANTS

146.    ACS is unable to respond to the allegations in Paragraph 146 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 146 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. Further, no response is required to the extent that the allegations in Paragraph 146 constitute legal conclusions. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 146 of the Complaint.

147.    ACS is unable to respond to the allegations in Paragraph 147 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 147 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 147 of the Complaint also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 147 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 147 of the Complaint.

148.    ACS is unable to respond to the allegations in Paragraph 148 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 148 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 148 also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 148 also concern an

unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 148 of the Complaint.

149.    ACS is unable to respond to the allegations in Paragraph 149 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 149 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 149 also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 149 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 149 of the Complaint.

150.    ACS is unable to respond to the allegations in Paragraph 150 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 150 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 150 also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 150 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth

of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 150 of the Complaint.

151.    ACS is unable to respond to the allegations in Paragraph 151 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 151 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 151 also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 151 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 151 of the Complaint.

152.    ACS is unable to respond to the allegations in Paragraph 152 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 152 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 152 also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 152 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 152 of the Complaint.

a. The allegations in Paragraph 152(a) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 152(a) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 152(a) of the Complaint.

b. The allegations in Paragraph 152(b) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 152(b) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 152(b) of the Complaint.

c. The allegations in Paragraph 152(c) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 152(c) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 152(c) of the Complaint.

d. The allegations in Paragraph 152(d) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies

such allegations. The allegations in Paragraph 152(d) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 152(d) of the Complaint.

e.   The allegations in Paragraph 152(e) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 152(e) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 152(e) of the Complaint.

f.   The allegations in Paragraph 152(f) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 152(f) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 152(f) of the Complaint.

g.   The allegations in Paragraph 152(g) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 152(g) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a

response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 152(g) of the Complaint.

h. ACS is unable to respond to the allegations in Paragraph 152(h) because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 152(h) does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 152(h) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 152(h) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 152(h) of the Complaint.

i. ACS is unable to respond to the allegations in Paragraph 152(i) because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 152(i) does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 152(i) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 152(i) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a

belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 152(i) of the Complaint.

j.   The allegations in Paragraph 152(j) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 152(j) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 152(j) of the Complaint.

153.   ACS is unable to respond to the allegations in Paragraph 153 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 153 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 153 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 153 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 153 of the Complaint.

154.   The allegations in Paragraph 154 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 154 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge

or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 154 of the Complaint.

155.    ACS is unable to respond to the allegations in Paragraph 155 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 155 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 155 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 155 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 155 of the Complaint.

156.    ACS is unable to respond to the allegations in Paragraph 156 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 156 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 156 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 156 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 156 of the Complaint.

157.    The allegations in Paragraph 157 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 157 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 157 of the Complaint.

158.    ACS is unable to respond to the allegations in Paragraph 158 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 158 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 158 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 158 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 158 of the Complaint.

159.    ACS is unable to respond to the allegations in Paragraph 159 of the Complaint, and the subsequent WHEREFORE clause, of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 159, and the subsequent WHEREFORE clause, does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. Further, no response is required to the extent that the allegations in Paragraph 159 and the subsequent WHEREFORE clause constitute legal conclusions. To the extent a response is required, ACS denies such

allegations. The allegations in Paragraph 159 and the subsequent WHEREFORE clause also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 159 and the subsequent WHEREFORE clause of the Complaint.

**COUNT V**

**FRAUDULENT CONCEALMENT**

**PLAINTIFF v. DEFENDANT**

160.     ACS is unable to respond to the allegations in Paragraph 160 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 160 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 160 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 160 of the Complaint.

161.     The allegations in Paragraph 161 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 161 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 161 of the Complaint.

162.     ACS is unable to respond to the allegations in Paragraph 162 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 162 does not identify which "Plaintiff" or "putative class" is being referenced, or what

68

claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 162 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 162 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 162 of the Complaint.

163.    ACS is unable to respond to the allegations in Paragraph 163 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 163 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 163 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 163 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 163 of the Complaint.

164.    ACS is unable to respond to the allegations in Paragraph 164 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 164 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 164 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 164 also concern

an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 164 of the Complaint.

165. ACS is unable to respond to the allegations in Paragraph 165 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 165 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 165 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 165 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 165 of the Complaint.

166. ACS is unable to respond to the allegations in Paragraph 166 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 166 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 166 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 166 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth

of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 166 of the Complaint.

167.    ACS is unable to respond to the allegations in Paragraph 167 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 167 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 167 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 167 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 167 of the Complaint.

168.    ACS is unable to respond to the allegations in Paragraph 168 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 168 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 168 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 168 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 168 of the Complaint.

a.  The allegations in Paragraph 168(a) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 168(a) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 168(a) of the Complaint.

b.  The allegations in Paragraph 168(b) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 168(b) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 168(b) of the Complaint.

c.  The allegations in Paragraph 168(c) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 168(c) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 168(c) of the Complaint.

d.  The allegations in Paragraph 168(d) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies

such allegations. The allegations in Paragraph 168(d) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 168(d) of the Complaint.

e.  The allegations in Paragraph 168(e) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 168(e) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 168(e) of the Complaint.

f.  The allegations in Paragraph 168(f) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 168(f) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 168(f) of the Complaint.

g.  The allegations in Paragraph 168(g) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 168(g) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a

response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 168(g) of the Complaint.

h. ACS is unable to respond to the allegations in Paragraph 168(h) because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 168(h) does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 168(h) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 168(h) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 168(h) of the Complaint.

i. ACS is unable to respond to the allegations in Paragraph 168(i) because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 168(i) does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 168(i) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 168(i) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a

belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 168(i) of the Complaint.

j.  The allegations in Paragraph 168(j) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 168(j) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 168(j) of the Complaint.

k.  The allegations in Paragraph 168(k) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 168(k) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 168(k) of the Complaint.

169.  ACS is unable to respond to the allegations in Paragraph 169, and the subsequent WHEREFORE clause, of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 169, and the subsequent WHEREFORE clause, does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. Further, no response is required to the extent that the allegations in Paragraph 169 and the subsequent WHEREFORE clause constitute legal conclusions. To the extent a response is required, ACS denies such allegations. The allegations in

Paragraph 169 and the subsequent WHEREFORE clause also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 169 and the subsequent WHEREFORE clause of the Complaint.

**COUNT VI**
**<u>NEGLIGENT MISREPRESENTATION</u>**
**PLAINTIFF v. DEFENDANTS**

170.	ACS is unable to respond to the allegations in Paragraph 170 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 170 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 170 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 170 of the Complaint.

171.	ACS is unable to respond to the allegations in Paragraph 171 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 171 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 171 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 171 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth

of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 171 of the Complaint.

172.    ACS is unable to respond to the allegations in Paragraph 172 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 172 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 172 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 172 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 172 of the Complaint.

173.    ACS is unable to respond to the allegations in Paragraph 173 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 173 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 173 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 173 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 173 of the Complaint.

174. The allegations in Paragraph 174 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 174 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 174 of the Complaint.

175. ACS is unable to respond to the allegations in Paragraph 175 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 175 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 175 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 175 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 175 of the Complaint.

176. ACS is unable to respond to the allegations in Paragraph 176 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 176 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 176 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 176 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a

response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 176 of the Complaint.

a. The allegations in Paragraph 176(a) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 176(a) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 176(a) of the Complaint.

b. The allegations in Paragraph 176(b) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 176(b) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 176(b) of the Complaint.

c. The allegations in Paragraph 176(c) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 176(c) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a

belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 176(c) of the Complaint.

d.  The allegations in Paragraph 176(d) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 176(d) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 176(d) of the Complaint.

e.  The allegations in Paragraph 176(e) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 176(e) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 176(e) of the Complaint.

f.  The allegations in Paragraph 176(f) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 176(f) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 176(f) of the Complaint.

g.  The allegations in Paragraph 176(g) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 176(g) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 176(g) of the Complaint.

h.  ACS is unable to respond to the allegations in Paragraph 176(h) because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 176(h) does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 176(h) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 176(h) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 176(h) of the Complaint.

i.  ACS is unable to respond to the allegations in Paragraph 176(i) because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 176(i) does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 176(i) of the Complaint constitute legal conclusions

to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 176(i) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 176(i) of the Complaint.

j.   The allegations in Paragraph 176(j) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 176(j) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 176(j) of the Complaint.

k.   The allegations in Paragraph 176(k) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 176(k) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 176(k) of the Complaint.

l.   The allegations in Paragraph 176(l) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 176(l) also concern an unidentified

fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 176(l) of the Complaint.

177.    ACS is unable to respond to the allegations in Paragraph 177, and the subsequent WHEREFORE clause, of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 177, and the subsequent WHEREFORE clause, does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 177 and the subsequent WHEREFORE clause also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 177 and the subsequent WHEREFORE clause also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 177 and the subsequent WHEREFORE clause of the Complaint.

## COUNT VII
## CIVIL CONSPIRACY
## PLAINTIFF v. DEFENDANTS

178.    ACS is unable to respond to the allegations in Paragraph 178 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 178 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 178 of the Complaint constitute legal conclusions to which no response is required. To the extent a

response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 178 of the Complaint.

179.   ACS is unable to respond to the allegations in Paragraph 179 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 179 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 179 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 179 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 179 of the Complaint.

180.   ACS is unable to respond to the allegations in Paragraph 180 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 180 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 180 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 180 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 180 of the Complaint.

181.    The allegations in Paragraph 181 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 181 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 181 of the Complaint.

182.    ACS is unable to respond to the allegations in Paragraph 182 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 182 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 182 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 182 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 182 of the Complaint.

183.    ACS is unable to respond to the allegations in Paragraph 183 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 183 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 183 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 183 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a

response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 183 of the Complaint.

184.    The allegations in Paragraph 184 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 184 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 184 of the Complaint.

    a.  The allegations in Paragraph 184(a) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 184(a) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 184(a) of the Complaint.

    b.  The allegations in Paragraph 184(b) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 184(b) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 184(b) of the Complaint.

c.  The allegations in Paragraph 184(c) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 184(c) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 184(c) of the Complaint.

d.  The allegations in Paragraph 184(d) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 184(d) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 184(d) of the Complaint.

e.  The allegations in Paragraph 184(e) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 184(e) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 184(e) of the Complaint.

f.  The allegations in Paragraph 184(f) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies

such allegations. The allegations in Paragraph 184(f) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 184(f) of the Complaint.

g. ACS is unable to respond to the allegations in Paragraph 184(g) because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 184(g) does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 184(g) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 184(g) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 184(g) of the Complaint.

h. ACS is unable to respond to the allegations in Paragraph 184(h) because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 184(h) does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 184(h) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 184(h) also concern an unidentified

88

fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 184(h) of the Complaint.

i.  ACS is unable to respond to the allegations in Paragraph 184(i) because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 184(i) does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 184(i) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 184(i) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 184(i) of the Complaint.

j.  ACS is unable to respond to the allegations in Paragraph 184(j) because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 184(j) does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 184(j) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 184(j) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a

response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 184(j) of the Complaint.

k.  ACS is unable to respond to the allegations in Paragraph 184(k) because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 184(k) does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 184(k) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 184(k) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 184(k) of the Complaint.

l.  ACS is unable to respond to the allegations in Paragraph 184(l) because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 184(l) does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 184(l) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 184(l) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a

belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 184(l) of the Complaint.

m. ACS is unable to respond to the allegations in Paragraph 184(m) because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 184(m) does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 184(m) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 184(m) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 184(m) of the Complaint.

n. The allegations in Paragraph 184(n) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 184(n) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 184(n) of the Complaint.

o. ACS is unable to respond to the allegations in Paragraph 184(o) because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 184(o) does not identify which "Plaintiff" or "putative class" is being

referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 184(o) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 184(o) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 184(o) of the Complaint.

p.  The allegations in Paragraph 184(p) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 184(p) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 184(p) of the Complaint.

q.  The allegations in Paragraph 184(q) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 184(q) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 184(q) of the Complaint.

185.    The allegations in Paragraph 185 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 185 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 185 of the Complaint.

186.    The allegations in Paragraph 186 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 186 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 186 of the Complaint.

187.    ACS is unable to respond to the allegations in Paragraph 187 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 187 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 187 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 187 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 187 of the Complaint.

93

188.    ACS is unable to respond to the allegations in Paragraph 188 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 188 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 188 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 188 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 188 of the Complaint.

189.    ACS is unable to respond to the allegations in Paragraph 189, and the subsequent WHEREFORE clause, of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 189, and the subsequent WHEREFORE clause, does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 189 and the subsequent WHEREFORE clause also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 189 and the subsequent WHEREFORE clause also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 189 and the subsequent WHEREFORE clause of the Complaint.

## COUNT VIII

94

**VIOLATION OF ARTICLE 1, SECTION 27 OF THE PENNSYLVANIA CONSTITUTION**

**PLAINTIFF v. DEFENDANTS**

190.    ACS is unable to respond to the allegations in Paragraph 190 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 190 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 190 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 190 of the Complaint.

191.    ACS is unable to respond to the allegations in Paragraph 191 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 191 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 191 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 191 of the Complaint.

192.    ACS is unable to respond to the allegations in Paragraph 192 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 192 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 192 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 192 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a

response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 192 of the Complaint.

193.    ACS is unable to respond to the allegations in Paragraph 193 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 193 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 193 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 193 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 193 of the Complaint.

194.    ACS is unable to respond to the allegations in Paragraph 194 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 194 does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 194 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 194 of the Complaint.

195.    ACS is unable to respond to the allegations in Paragraph 195 of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 195 does not identify which "Plaintiff" or "putative class" is being referenced, or what

claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 195 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 195 of the Complaint.

196.    The allegations in Paragraph 196 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 196 of the Complaint.

197.    ACS is unable to respond to the allegations in Paragraph 197, and the subsequent WHEREFORE clause, of the Complaint because the terms "Plaintiff" and "putative class" are vague and ambiguous. The allegation in Paragraph 197, and the subsequent WHEREFORE clause, does not identify which "Plaintiff" or "putative class" is being referenced, or what claims the unspecified "Plaintiff and the putative class" assert. The allegations in Paragraph 197 and the subsequent WHEREFORE clause also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in the subsequent WHEREFORE clause also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 197 and the subsequent WHEREFORE clause of the Complaint.

**COUNT IX**
**MEDICAL MONITORING**
**PLAINTIFF v. DEFENDANTS**

198.    ACS is unable to respond to the allegations in Paragraph 198 of the Complaint because the terms "Plaintiffs" and "Medical Monitoring Class" are vague and ambiguous. The

allegation in Paragraph 198 does not identify which "Plaintiffs" are being referenced, or what claims the unspecified "Plaintiffs" assert. The allegations in Paragraph 198 of the Complaint also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 198 of the Complaint.

199. ACS is unable to respond to the allegations in Paragraph 199 of the Complaint because the term "site" is vague and ambiguous. Further, no response is required to the extent that the allegations in Paragraph 199 also constitute legal conclusions. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 199 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 199 of the Complaint.

200. ACS is unable to respond to the allegations in Paragraph 200 of the Complaint because the terms "Plaintiffs" and "putative class" are vague and ambiguous. The allegation in Paragraph 200 does not identify which "Plaintiffs" or "putative class" are being referenced, or what claims the unspecified "Plaintiffs and the putative class" assert. The allegations in Paragraph 200 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 200 of the Complaint.

201. ACS is unable to respond to the allegations in Paragraph 201 of the Complaint of the Complaint because the terms "Plaintiffs" and "putative class" are vague and ambiguous. The allegation in Paragraph 201 does not identify which "Plaintiffs" or "putative class" are being

referenced, or what claims the unspecified "Plaintiffs and the putative class" assert. The allegations in Paragraph 201 also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 201 of the Complaint.

202.    ACS is unable to respond to the allegations in Paragraph 202 of the Complaint because the terms "Site," "Plaintiffs," "Plaintiff," and "putative class" are vague and ambiguous. The allegation in Paragraph 202 does not identify which "Plaintiff," "Plaintiffs," or "putative class" are being referenced, or what claims the unspecified "Plaintiff [or Plaintiffs] and the putative class" assert. The allegations in Paragraph 202 of the Complaint also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 202 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 202 of the Complaint.

203.    ACS is unable to respond to the allegations in Paragraph 203 of the Complaint because the terms "Plaintiffs" and "putative class" are vague and ambiguous. The allegation in Paragraph 203 does not identify which "Plaintiffs" or "putative class" are being referenced, or what claims the unspecified "Plaintiffs and the putative class" assert. The allegations in Paragraph 203 of the Complaint also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 203 of the Complaint.

204.    ACS is unable to respond to the allegations in Paragraph 204 of the Complaint because the terms "Plaintiffs" and "putative class" are vague and ambiguous. The allegation in

Paragraph 204 does not identify which "Plaintiffs" or "putative class" are being referenced, or what claims the unspecified "Plaintiffs and the putative class" assert. The allegations in Paragraph 204 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 204 also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 204 of the Complaint.

205.    ACS is unable to respond to the allegations in Paragraph 205, and the subsequent WHEREFORE clause, of the Complaint because the terms "Plaintiffs," "Plaintiff," and "putative class" are vague and ambiguous. The allegation in Paragraph 205, and the subsequent WHEREFORE clause, does not identify which "Plaintiffs," "Plaintiff," or "putative class" are being referenced, or what claims the unspecified "Plaintiff [or Plaintiffs] and the putative class" assert. The allegations in Paragraph 205 and the subsequent WHEREFORE clause constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 205 and the subsequent WHEREFORE clause also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 205 and the subsequent WHEREFORE clause of the Complaint.

**CLASS ACTION ALLEGATIONS**

206.    ACS is unable to respond to the allegations in Paragraph 206 of the Complaint because the terms "Plaintiffs" and "putative class" are vague and ambiguous. The allegation in

Paragraph 206 does not identify which "Plaintiffs" or "putative class" are being referenced, or what claims the unspecified "Plaintiffs and the putative class" assert. ACS denies any remaining allegations in Paragraph 206 of the Complaint.

    a. The allegations in Paragraph 206(a) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 206(a) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 206(a) of the Complaint.

    b. The allegations in Paragraph 206(b) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 206(b) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 206(b) of the Complaint.

    c. The allegations in Paragraph 206(c) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 206(c) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a

belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 206(c) of the Complaint.

d.  The allegations in Paragraph 206(d) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 206(d) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 206(d) of the Complaint.

e.  The allegations in Paragraph 206(e) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 206(e) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 206(e) of the Complaint.

f.  The allegations in Paragraph 206(f) of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 206(f) also concern an unidentified fictitious defendant, John Doe, about which ACS cannot answer. To the extent a response is required, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies any remaining allegations in Paragraph 206(f) of the Complaint.

## PRAYER FOR RELIEF

ACS denies the allegations in the WHEREFORE clause, including subsections a through h, following the Prayer for Relief of the Complaint.

## JURY TRIAL DEMAND

In response to the allegations in the Jury Trial Demand of the Complaint, ACS admits that Plaintiff and the putative class demand a trial by jury on all issues.

## AFFIRMATIVE DEFENSES

ACS denies all liability whatsoever and denies all allegations of the Complaint unless expressly admitted above. By setting forth the defenses below, ACS does not assume the burden of proving any fact, issue, or element of a cause of action. Moreover, ACS does not intend these defenses to be construed as an acknowledgement that any particular issue or subject matter is relevant to allegations in the Complaint. ACS alleges the following affirmative defenses to each alleged cause of action asserted in the Complaint, and hereby gives notice and reserves its right to amend this Answer to allege additional affirmative defenses that may later be ascertained during the course of discovery.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim or cause of action against ACS upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails because Pennsylvania law does not apply to this action, to the extent the basis of the claims of plaintiffs and the members of the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class arise out of events that occurred outside of Pennsylvania.

103

## THIRD AFFIRMATIVE DEFENSE

ACS denies that its contacts with this forum are sufficient to subject it to personal jurisdiction.

## FOURTH AFFIRMATIVE DEFENSE

ACS denies that this Court maintains subject matter jurisdiction.

## FIFTH AFFIRMATIVE DEFENSE

Venue may be improper, inconvenient, or unfair for the adjudication of the matters alleged in the Complaint. This matter should be dismissed to allow transfer to an appropriate jurisdiction pursuant to 28 U.S.C. § 1404(a) in favor of a suitable place for trial of the alleged claims.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to plead a legally cognizable injury upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and the members of the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class caused and/or allowed, in whole or in part, the damages that they seek to recover.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs and the members of the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class are not entitled to have their claims tried by a jury in whole or in part.

## NINTH AFFIRMATIVE DEFENSE

The conduct of ACS in all activities at issue has been and is under the supervision of the U.S. Environmental Protection Agency and applicable state environmental agencies. Accordingly,

104

the claims of plaintiffs and the members of the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class are barred, in whole or in part, by the doctrine of primary jurisdiction.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims may be barred, in whole or in part, by their failure to join necessary or indispensable parties.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members are fraudulently misjoined (or improperly joined) under Federal Rule of Civil Procedure 20 because plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members claims' against ACS do not arise out of the same transaction, occurrence, or series of transactions.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims are barred, in whole or in part, because plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members are not the real party in interest.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims and damages are barred, in whole or in part, by common law, statutory, and state constitutional constraints on the exercise of police powers.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims and damages are barred, in whole or in part, by the political question and separation of powers doctrines.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims are barred, in whole or in part, because plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members lack capacity to bring common law claims for damages, including claims maintained, even indirectly, on behalf of the class members and/or claims brought as *parens patriae*.

**SIXTEENTH AFFIRMATIVE DEFENSE**

ACS had no duty to warn of the possible dangers associated with its sterilization activities to plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims are barred by the applicable statutes of limitations and/or statute(s) of repose, including, but not limited to 42 Pa. Cons. State. Ann. § 5524 and/or any other applicable statute of a State whose law may apply. To the extent that plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members knew or reasonably should have known of any wrongfully caused injuries outside of the applicable limitations period(s), plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims are time-barred.

106

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims may be barred, in whole or in part, because the representations ACS allegedly made, if any, were not made with the intent to mislead plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members. None of ACS's acts, conduct, omissions, or statements alleged in the Complaint were likely to mislead or deceive.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims may be barred, in whole or in part, for lack of standing.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims may be barred, in whole or in part, by the applicable statute of frauds.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims may be barred, in whole or in part, by the doctrine of laches.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims may be barred, in whole or in part, by the doctrine of waiver.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims may be barred, in whole or in part, by the doctrine of res judicata.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims may be barred, in whole or in part, by the doctrine of collateral estoppel.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims may be barred, in whole or in part, by the economic loss doctrine and/or action doctrine.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims may be barred, in whole or in part, by the doctrines of acquiescence, settlement, and release.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims may be barred, in whole or in part, to the extent that they violate U.S. Constitution, including but not limited to the Due Process, Ex Post Facto, or Dormant Commerce clauses, and any applicable state Constitution.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims may be barred, in whole or in part, by the comparative or contributory negligence for which ACS is neither liable nor responsible. Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims may be specifically barred, limited or reduced by the Pennsylvania Comparative Negligence Act 42 Pa. Cons. State. Ann. § 7102 et seq. and/or any other applicable statute of a State whose law may apply. The injuries and/or damages asserted in the Complaint, none being admitted, can be attributed to several causes and, accordingly, should be apportioned among the various causes according to the respective contribution or pro rata share of each such cause to the harm sustained. Thus, any recovery by plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members may be barred, in whole or in part, by the principle of comparative or contributory fault. In the event ACS is found liable to plaintiff, ACS asserts its rights to indemnification, contribution, and/or apportionment.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The alleged injuries complained of in the Complaint, none being admitted, were proximately caused by the misuse, abuse, alteration, and/or failure to properly utilize, maintain, or care by persons other than ACS.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims may be barred, in whole or in part, under the principles of assumption of the risk, whether primary, express, implied, and/or informed consent.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' are barred, in whole or in part, because ACS's sterilization activities complied with all applicable statutes, government regulations, recognized prevailing industry standards, and state of the art, as well as with federal and state standards and regulations governing such emissions, including but not limited to the regulations of the U.S. Environmental Protection Agency and applicable state environmental agencies, and any permits issued by those agencies.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

At all relevant times, ACS has fully performed any and all contractual, statutory, and other duties, and plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members are therefore estopped from asserting any cause of action against ACS.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Any alleged negligent or culpable conduct of ACS, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of any alleged injuries asserted in the Complaint.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims may be barred, in whole or in part, because ACS is not liable for any misinformation or lack of information provided by independent third parties.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

To the extent plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members assert claims premised on actual or constructive fraud, false

representation, misrepresentation, deceit, concealment, or similar alleged misconduct, plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members fail to state their claims with particularity, including, but not limited to, the time, place, and content of the alleged misrepresentations or concealments and any justified reliance.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

To the extent plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members seek damages, including, but not limited to, exemplary or punitive damages, plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members fail to specifically state their nature or provide detail sufficient to inform ACS of the nature of their claims.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims are barred, in whole or in part, because ACS acted in good faith.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims may be barred, in whole or in part, because injuries described in the Complaint, if any, none being admitted, resulted from an intervening or superseding cause and/or causes for which ACS is neither liable nor responsible, including but not limited to pre-existing and/or genetic medical conditions, which ACS had no control over, and therefore, cannot be held liable. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening, and sole proximate cause of alleged injury or damages asserted in the Complaint.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

The injuries and/or damages asserted in the Complaint, if any, none being admitted, were caused by pre-existing and/or unrelated medical or environmental conditions, diseases, or illnesses.

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members fail to plead and cannot establish any duty owed to plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members by ACS.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims are barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims are barred to the extent they are based on alleged violations of industry customs because purported industry customs do not create legal duties on ACS.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims are barred, in whole or in part, because the social utility and benefit of the sterilization of medical products outweigh any risk of danger and/or harm, if any.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

If plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members sustained any injuries or damages as a result of exposure to ethylene oxide, which ACS denies, then such injury or damage was caused by ethylene oxide from sources other than emissions attributable to ACS's sterilization operations, including but not limited to, endogenously produced ethylene oxide.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims may be barred, in whole or in part, as duplicate or double recovery for the same injury or damage, contrary to applicable law.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

ACS's liability, if any, none being admitted, will not result from its conduct but is solely the result of an obligation imposed by law, and thus ACS is entitled to complete indemnity, express or implied, by other parties.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims for punitive or exemplary damages are barred because plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members cannot prove that ACS was malicious, willful, reckless, wanton, or fraudulent, and ACS has neither acted nor failed to act in a manner that entitles plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members to recover punitive or exemplary damages.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

As a matter of law, plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members are not entitled to a declaratory judgment, injunction, attorney's fees, costs, pre-judgment interest, or post-judgment interest for the claims asserted in the Complaint.

## FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members are not entitled to recover monetary damages under common law nuisance.

## FIFTIETH AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claim of public nuisance is barred or limited because, among other reasons, no action of ACS involved interference with real property, illegal conduct perpetrated by third-parties involving the use of an otherwise legal product, does not involve a public right against the manufacturer sufficient to state a claim for public nuisance, the alleged public nuisance would have impermissible extraterritorial reach, and the alleged wrongful conduct of ACS is too remote from the alleged injury as a matter of law and due process.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' public nuisance claims are barred or limited to the extent that it has been abrogated or otherwise curtailed by Pennsylvania and other applicable state statutes, including the Uniform Contribution Among Tortfeasors Act and applicable state statute of limitations and/or repose.

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

At all times material to plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims, the state of medical and scientific knowledge did not provide ACS with either knowledge or reason to know of a foreseeable risk of harm to plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members stemming from ACS's sterilization operations.

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

If it is proven at trial that ACS is liable for damages, if any, to plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members, said liability is not sole, but rather several and proportionate or alternatively joint and several between or among ACS and any other tortfeasors, and consequently, ACS is entitled to have its liability, if any, limited to its proximate share, or alternatively, is entitled to contribution and/or indemnity from such other tortfeasor based on comparative fault and/or vicarious liability.

**FIFTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' nuisance claims fail because ACS's activities fall under applicable state safe harbor laws for nuisance claims, which forecloses liability for federally-authorized activities.

**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

To the extent any agents, employees, or contractors of ACS caused any of the damages alleged by plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members, such agents, employees, or contractors were acting outside

the scope of the agency employment, or contract with ACS, and any recovery against ACS must be reduced by the proportionate fault of such agents, employees, or contractors.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

To the extent plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members are seeking or intends to seek exemplary or punitive damages, such damages are barred or reduced because such an award would violate ACS's due process, equal protection, and/or other rights under the United States Constitution, and/or other applicable state constitutions, and therefore, fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members are seeking or intend to seek punitive damages, such damages are preempted, in whole or in part, by applicable federal law and/or state law.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims are barred, in whole or in part, to the extent that they are governed by the laws of a state that does not recognize, or limits, such claims.

## FIFTY-NINTH AFFIRMATIVE DEFENSE

ACS's contribution, if any, to plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' alleged harm, injury, damage and/or loss, which ACS denies, is de minimis.

## SIXTIETH AFFIRMATIVE DEFENSE

ACS is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of any State whose substantive law might control the action.

## SIXTY-FIRST AFFIRMATIVE DEFENSE

ACS asserts its right to a proportionate reduction of any damages found against ACS based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members. ACS asserts its right to a proportionate reduction of any damages found against it based on the product, negligence, or other conduct of any settling tortfeasor and/or responsible third party.

## SIXTY-SECOND AFFIRMATIVE DEFENSE

Any verdict or judgment rendered against ACS must be reduced by those amounts that have or will, with reasonable certainty, replace or indemnify plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, Social Security, worker's compensation, employee benefit programs, and/or part of any settlement.

## SIXTY-THIRD AFFIRMATIVE DEFENSE

ACS is entitled to an individual assessment of fault for each party alleged to have caused any injury, harm, or damage to plaintiff. ACS's liability, if any, none being admitted, must be limited in accordance with the percentage of fault allocated to it by the ultimate trier of fact and/or law. Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' alleged damages are not indivisible but comprise separate and discrete costs.

117

### SIXTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims are barred, in whole or in part, because the damages sought by plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members are speculative, remote, and impossible to ascertain.

### SIXTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims are barred in whole or in part because plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members suffered no injuries or damages as a result of any action by ACS.

### SIXTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims are barred to the extent that ACS has valid defenses that bar recovery by those persons and/or entities on whose behalf plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members purportedly seeks recovery.

### SIXTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent any claim for relief in the Complaint seeks to recover damages against ACS for alleged acts or omissions of predecessors or successors-in-interest to ACS of any kind or description, ACS asserts that it is not legally responsible and cannot legally be held liable for any such acts or omissions. ACS further asserts that it cannot be held liable for punitive damages and/or exemplary damages which are or may be attributable to the conduct of any predecessor or successor-in-interest. Further, ACS asserts that the conduct of any predecessor or successor-in

118

interest cannot, as a matter of law, provide a legal basis for liability or the imposition of damages against this answering defendant.

### SIXTY-EIGHTH AFFIRMATIVE DEFENSE

ACS asserts the provisions of all applicable statutory caps on damages of any sort, including compensatory, punitive, non-economic or exemplary damages, under any applicable state regulations and laws. To the extent plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members seek punitive or exemplary damages against ACS, any such award of damages is subject to limitations contained in any applicable statute.

### SIXTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' strict liability claims may be barred in whole or in part.

### SEVENTIETH AFFIRMATIVE DEFENSE

ACS asserts all other defenses that are, or that may become, available to it under the Federal Rules of Civil Procedure (and any state law corollaries), and all other defenses that are, or that may become, available to it under any applicable state statute, law, or regulation.

### SEVENTY-FIRST AFFIRMATIVE DEFENSE

ACS incorporates by reference each defense asserted by any other known or unknown defendant in this action.

### SEVENTY-SECOND AFFIRMATIVE DEFENSE

ACS affirmatively states that any award of damages, including but not limited to, for delay or pre- or post- judgment interest in this matter would be unconstitutional and would violate ACS's constitutional rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the U.S.

Constitution and provisions of any other state constitution or state laws applicable to plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims.

### SEVENTY-THIRD AFFIRMATIVE DEFENSE

ACS reserves the right to raise such further and additional defenses as may be discovered and available upon the facts to be developed in discovery and under other applicable substantive federal or state law relevant to plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims, and to amend this Answer to assert such defenses.

### SEVENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims may be barred, in whole or in part, to the extent that they have released, settled, entered into an accord and satisfaction by forming any agreement tending to discharge any liability that may be found to be owed to them by ACS, which ACS denies, or otherwise compromised the causes of action in the Complaint.

### SEVENTY-FIFTH AFFIRMATIVE DEFENSE

Any emissions from government approved sterilization processes, including but not limited to the U.S. Environmental Protection Agency and/or other applicable state agencies, are not properly the subject of claims by private parties attempting to contest the legitimacy or safety of such processes, protocols, and/or specifications.

### SEVENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims may be preempted, in whole or in part, by federal and/or state

120

statutes and/or regulations, including but not limited to, the Federal Food, Drug, Cosmetic Act, the Medical Device Amendments of 1976, and the Clean Air Act, and their implementing regulations, along with any state and federal air quality permits for regulated emissions.

## SEVENTY-SEVENTH AFFIRMATIVE DEFENSE

Any putative claims available to plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members but not joined in this action are barred for failure to assert those claims in the Complaint.

## SEVENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims are barred because ACS's sterilization operations and activities do not constitute abnormally dangerous activities or ultra-hazardous activities.

## SEVENTY-NINTH AFFIRMATIVE DEFENSE

If plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims require medical monitoring, which is not being admitted, such medical monitoring is for conditions entirely unrelated to ACS's sterilization operations and/or activities.

## EIGHTIETH AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims are barred, in whole or in part, because they do not have a right to relief or recovery pursuant to Article 1, Section 27 of the Pennsylvania Constitution. ACS's sterilization operations do not, and have not, violated Article 1, Section 27 of the Pennsylvania Constitution.

121

## EIGHTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' damages, none being admitted, may be limited in whole or in part to the extent plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members failed to mitigate any damages.

## EIGHTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' claims are barred, in whole or in part, because Plaintiffs and the Bodily Injury Class, Property Damage Value Class, and/or the Medical Monitoring Class members' cannot proffer any scientifically reliable evidence that ACS's sterilization operations were unreasonably dangerous.

## PRAYER

WHEREFORE, Defendant ACS prays for judgment in its favor and against plaintiffs as follows:

1.    That plaintiff takes nothing by way of the Complaint;

2.    That the Complaint be dismissed in its entirety, with prejudice;

3.    That ACS be awarded judgment in this action;

4.    That ACS be awarded costs of suit;

5.    That should ACS be liable for any damages, ACS only be liable for that portion of total damages in proportion to its total responsibility for same; and

6.    That ACS be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

ACS hereby demands a jury trial in the above-entitled action.

122

Dated: July 11, 2025                                Respectfully submitted,

Robert E. Johnston, Esq. (*pro hac vice app. forthcoming*)    /s/ Matthew Junk
rjohnston@hollingsworthllp.com                     Matthew Junk, Esq. (Bar ID
William J. Cople III, Esq. (*pro hac vice app. forthcoming*)   86089)
wcople@hollingsworthllp.com                        Tyson & Mendes
Andrew L. Reissaus, Esq. (*pro hac vice app. forthcoming*)     919 Conestoga Rd.
wcople@hollingsworthllp.com                        Building Three, Suite 210
Aleksandra Rybicki, Esq. (*pro hac vice app. forthcoming*)     Bryn Mawr, PA 19010
arybicki@hollingsworthllp.com                      Phone: (267) 215-3765
HOLLINGSWORTHLLP                                   Fax: (267) 376-9863
1350 I Street, N.W.                                mjunk@tysonmendes.com
Washington, D.C. 20005
Telephone: (202) 898-5800
Fax: (202) 682-1639

*Counsel for Defendant American Contract Systems, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this the 11th day of July 2025, I electronically filed the foregoing American Contract Systems, Inc.'s Answer with the Clerk of the Court by using the CM/ECF system. I further certify that a true and correct copy of American Contract Systems, Inc.'s Answer was caused to be served upon the following counsel via electronic mail and United States mail:

Edward J. Ciarimboli, Esq.
FELLERMAN & CIARIMBOL LAW, P.C.
183 Market Street, Suite 200
Kingston, PA 18704
570-718-1444

Gregory A. Cade
Kevin B. McKie
Gary A. Anderson
Dr. Corey Masuca
Jordan A. Cade
ENVIRONMENTAL LITIGATION GROUP, P.C.
2160 Highland Ave. S.
Birmingham, AL 35205
T: (205) 328-9200
F: (205) 328-9456
GregC@elglaw.com
Kmckie@elglaw.com
Gary@elglaw.com
Cmasuca@elglaw.com
Jordan@elglaw.com

*Counsel for Plaintiffs and the Putative Class*

/s/ Matthew Junk
Matthew Junk, Esq. (Bar ID 86089)
Tyson & Mendes
919 Conestoga Rd.
Building Three, Suite 210
Bryn Mawr, PA 19010
Phone: (267) 215-3765
Fax: (267) 376-9863
mjunk@tysonmendes.com

*Counsel for Defendant American Contract Systems, Inc.*