**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JEFFREY ROBERT FLESNER; MONICA FLESNER; GAEANN WEVER; ELAINE MCCOY; KARRI SUE MEACHAM; RHONDA JOHNSON; NANCY UHL; DARCI PLUMB; VIRGINIA JACKSON; SARAH RUMBAUGH; JOVASIA SIERRA SPIKES; GLORIA TUIN, individually,<br><br>**Plaintiffs,**<br><br>vs.<br><br>**AMERICAN CONTRACT SYSTEMS**<br>11600 Adelmo Lane Fort Myers, FL; 7802 E Telecom Parkway, Temple Terrace, Florida 33637; 85 Shaffer Park Drive Tiffin, Ohio; 1601 SE Gateway Drive, Suite 120 Grimes, Iowa; 7702 Parnell St Houston, Texas; 4040 Jackson Pointe Court, Building 4000 Zelienople, Pennsylvania,<br><br>And<br><br>**JOHN DOE**<br>A fictitious designation pursuant to Pa. R. Civ. P. 2005 for any company, entity, corporation, LLC, fictitious name, or person whose name, identity and/or actions) are presently unknown to plaintiff but whose wrongful, reckless, and/or negligent misconduct, related to emissions of ethylene oxide from the following AMERICAN CONTRACT SYSTEMS facilities: 11600 Adelmo Lane Fort Myers, FL; 7802 E Telecom Parkway, Temple Terrace, Florida 33637; 85 Shaffer Park Drive Tiffin, Ohio; 1601 SE Gateway Drive, Suite 120 Grimes, Iowa; 7702 Parnell St Houston, Texas; 4040 Jackson Pointe Court, Building 4000 Zelienople, Pennsylvania caused harm, injuries, and/or damages to the plaintiff in this action.<br><br>**Defendants.** | Case No. 2:25-cv-03572-MMB<br>Judge Michael M. Baylson |

**<u>AMERICAN CONTRACT SYSTEMS, INC.'S OPPOSITION</u>**
**<u>TO PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE</u>**

Defendant American Contract Systems, Inc. ("ACS") opposes plaintiffs' motion to dismiss without prejudice unless the Court includes two limitations on the potential filing of any asserted claims by plaintiffs or plaintiffs' counsel against ACS, or any related entity: (1) plaintiff(s) and plaintiffs' counsel must file in the Eastern District of Pennsylvania, or, if jurisdiction does not exist or venue is improper in the Eastern District of Pennsylvania, another federal district court with jurisdiction; and (2) plaintiff(s) and plaintiffs' counsel will not join a party that would defeat federal jurisdiction. Conditioning dismissal on these two terms will not prejudice plaintiffs because the case would return to its current status quo if refiled. The conditioned dismissal will prevent prejudice to ACS by precluding plaintiffs from using Rule 41 as a vehicle for forum shopping.[1]

Prior to filing this response, and in hopes of reaching a compromise, ACS's counsel offered to stipulate to a dismissal, so long as it contained proper limitations to protect ACS's interests, consistent with Federal Rule of Civil Procedure 41(a)(2)'s requirement that a court grant a request for voluntary dismissal only on terms it considers proper. Ex. 1, Email Chain at 2-3. Plaintiffs refused to agree to any of the terms proposed by ACS and instead filed the present motion. *Id.* at 1. ACS's requested terms are supported by precedent and are needed to prevent plaintiffs from evading the removal statute for the purpose of forum shopping.[2]

Pursuant to Federal Rule of Civil Procedure 41(a)(2), once an answer has been served, plaintiffs may not voluntarily dismiss their case without a court order. *Peltz ex rel. Est. of Peltz v. Sears, Roebuck & Co.*, 367 F. Supp. 2d 711, 716 (E.D. Pa. 2005). The decision to grant or deny

---

[1] ACS's opposition does not constitute any waiver or concession regarding the merits of plaintiffs' claims and ACS reserves the right to assert all applicable defenses if plaintiffs refile their claims.

[2] The issue of costs pursuant to Rule 41(d), including relating to the costs of preparing removal papers as well as a motion to transfer, can be addressed in the future and need not be decided at this time.

the plaintiffs' motion to dismiss "lies within the sound discretion of the district court." *See Hayden v. Westfield Ins.*, No. 12-0390, 2013 WL 5781121, at *2 (W.D. Pa. Oct. 25, 2013), *aff'd*, 586 F. App'x 835 (3d Cir. 2014). Courts can impose conditions on a voluntary dismissal under Rule 41(a)(2) to offset plaintiffs' intent to avoid removal to federal court. *See Ware v. Novartis Pharms. Corp.*, No. 4:20-CV-1561-JCH, 2021 WL 1123024, at *1 (E.D. Mo. Mar. 24, 2021) (placing condition on dismissal that plaintiffs must file any subsequent case in the same district); *Lang v. Mfrs. & Traders Trust Co.*, 274 F.R.D. 175, 186 (D. Md. 2011) (limiting plaintiffs' damages in subsequent cases as a condition of dismissal to "avoid a never-ending cycle of removals and dismissals"); *Wichmann v. Proctor & Gamble Mfg. Co.*, No. 4:06-CV-1457-HEA, 2007 WL 1531252, at *1 (E.D. Mo. May 22, 2007) (conditioning the dismissal without prejudice on the refiling of the action in the same court).

It is proper for the Court to deny dismissal where, as is the case here, forum shopping is suspected. *Hayden*, 2013 WL 5781121, at *4 (denying plaintiffs' motion to dismiss because it was "a backdoor attempt to shop for what they think is a more favorable forum"); *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999) (noting that a party should not be permitted "to dismiss merely to escape an adverse decision nor to seek a more favorable forum."). While plaintiffs' counsel have represented that they "have no *current* intentions of seeking further litigation against ACS," Ex. 1 at 1 (emphasis added), plaintiffs' actions in this case to date suggest a significant risk of future forum shopping and attempts to evade this Court's jurisdiction and ACS's statutory removal rights. Plaintiffs filed the instant action in the Philadelphia Court of Common Pleas, even though the alleged claims have no connection to Philadelphia. The Complaint asserts personal injury claims on behalf of twelve plaintiffs who were allegedly exposed to ethylene oxide from six ACS facilities located in five states. None of the twelve plaintiffs reside

2

in Philadelphia, there is no ACS facility in Philadelphia, and none of the alleged acts or omissions on which the case is predicated occurred in Philadelphia. Moreover, plaintiffs have abandoned their anticipated motion to remand the case to state court (that was discussed at the July 25, 2025, Rule 16 conference), an apparent concession that ACS properly removed the case to federal court. Finally, plaintiffs have refused to stipulate that, in the event they choose to resume litigation against ACS, they will file their claims in federal court. Ex. 1. If plaintiffs truly do not anticipate further litigation involving these claims, then they should have sought dismissal with prejudice— relief to which ACS consents.

If any plaintiff or plaintiffs' counsel seeks to pursue any of the claims asserted in this action in another case, the Court also should not permit them to join any party that would defeat federal jurisdiction.[3] Plaintiffs may not seek voluntary dismissal to avoid the removal statute. *Peltz ex rel.*, 367 F. Supp. at 716 (denying plaintiffs' motion to dismiss based on finding the action was an attempt to defeat removal); *Myers v. Hertz Penske Truck Leasing, Inc.*, 572 F. Supp. 500, 503 (N.D. Ga. 1983) (denying plaintiff's motion to dismiss to "protect[] the removal jurisdiction of the federal courts from cynical legal gamesmanship"). ACS's two proposed limitations on plaintiffs' dismissal would justly serve to place the parties right back where they left off upon dismissal: in this Court.

ACS would be prejudiced if the Court adopts plaintiffs' proposed dismissal. ACS has already incurred costs related to the filing of its Answer, removal papers, and motion to transfer, including fact investigation related to plaintiffs' allegations. Further, ACS would incur additional and duplicative costs to remove a future filing, and it would provide plaintiffs another opportunity to circumvent ACS's removal right. Plaintiffs would be improperly forum shopping if they refile

---

[3] After ACS's removal of this case to federal court, plaintiffs are prohibited from amending their complaint to add parties to destroy this Court's jurisdiction. 28 U.S.C. § 1447(e).

the asserted claims in a different jurisdiction. On the contrary, plaintiffs will not be prejudiced if the Court adopts ACS's proposed terms because the case would return to its current status quo if refiled.

For the foregoing reasons, ACS requests that the Court deny plaintiffs' motion, unless two limitations are placed on the potential filing of any asserted claims by plaintiffs or plaintiffs' counsel against ACS, or any related entity: (1) plaintiff(s) and plaintiffs' counsel must file in the Eastern District of Pennsylvania, or, if jurisdiction does not exist or venue is improper in the Eastern District of Pennsylvania, another federal district court with jurisdiction; and (2) plaintiff(s) and plaintiffs' counsel will not join a party that would defeat federal jurisdiction. Absent these terms, ACS requests that the Court deny plaintiffs' motion or require any dismissal to be with prejudice, given plaintiffs' representations they do not intend to pursue their claims, *see* Ex. 1, to prevent and deter potential forum shopping.

Dated: August 11, 2025                                      Respectfully submitted,

Andrew L. Reissaus, Esq. (pro hac vice)          /s/ *Matthew J. Junk*
areissaus@hollingsworthllp.com                       Matthew Junk, Esq. (Bar ID 86089)
HOLLINGSWORTH LLP                                   Tyson & Mendes, LLP
1350 I Street, NW                                          919 Conestoga Rd.
Washington, DC 20005                                   Building Three, Suite 210
Telephone: (202) 898-5800                              Bryn Mawr, PA 19010
Fax: (202) 682-1639                                        Phone: (267) 215-3765
                                                               Fax: (267) 376-9863
                                                               mjunk@tysonmendes.com

*Counsel for Defendant American Contract Systems, Inc.*

4

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 11th day of August 2025, I electronically filed the foregoing American Contract Systems, Inc.'s Opposition to Plaintiffs' Motion to Dismiss Without Prejudice with the Clerk of the Court by using the CM/ECF system. I further certify that a true and correct copy of American Contract Systems, Inc.'s Opposition to Plaintiffs' Motion to Dismiss Without Prejudice was caused to be served upon the following counsel via electronic mail and United States mail:

Edward J. Ciarimboli, Esq.
FELLERMAN & CIARIMBOL LAW, P.C.
183 Market Street, Suite 200
Kingston, PA 18704
570-718-1444

Gregory A. Cade
Kevin B. McKie
Gary A. Anderson
Dr. Corey Masuca
Jordan A. Cade
ENVIRONMENTAL LITIGATION GROUP, P.C.
2160 Highland Ave. S.
Birmingham, AL 35205
T: (205) 328-9200
F: (205) 328-9456
GregC@elglaw.com
Kmckie@elglaw.com
Gary@elglaw.com
Cmasuca@elglaw.com
Jordan@elglaw.com

*Counsel for Plaintiffs and the Putative Class*

/s/ *Matthew J. Junk*
Matthew Junk, Esq. (Bar ID 86089)
Tyson & Mendes, LLP
919 Conestoga Rd.
Building Three, Suite 210
Bryn Mawr, PA 19010
Phone: (267) 215-3765
Fax: (267) 376-9863
mjunk@tysonmendes.com

*Counsel for Defendant American Contract Systems, Inc.*

5