**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JEFFREY ROBERT FLESNER, et. al., <br><br> Plaintiffs, <br><br> v. <br><br><br> AMERICAN CONTRACT SYSTEMS, et. al, <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:25-1552-RJC |

## MEMORANDUM ORDER OF COURT

Robert J. Colville, United States District Judge

Before the Court is a Motion for Voluntary Dismissal Without Prejudice ("Motion to Dismiss") (ECF No. 13) filed by the Plaintiffs in this matter. Defendant American Contract Systems ("ACS") has filed an Answer (ECF No. 4) to the Complaint (ECF No. 1-3) and three Responses (ECF Nos. 14, 21, and 28) to the Motion to Dismiss. The Court considers the Motion to Dismiss to have been fully briefed and ripe for disposition.

Plaintiffs initially filed this matter in the Court of Common Pleas of Philadelphia County before ACS removed it to the United States District Court for the Eastern District of Pennsylvania and then moved to transfer the case to this District. Following the filing of a motion for summary judgment or answer, a case "may be dismissed at the plaintiff's request only by court order, on

1

terms that the court considers proper." Fed. R. Civ. P 41(a)(2).  "The plain legal prejudice required to deny a motion pursuant to Rule 41(a)(2) must be more than the prospect of a second lawsuit or tactical advantage."  *Young v. Johnson & Johnson Corp.*, No. CIV.A.05-2393, 2005 WL 2886218, at *2 (E.D. Pa. Nov. 2, 2005).  The United States District Court for the Eastern District of Pennsylvania has explained:

> In determining whether the prejudice is substantial, courts have considered the following factors: "(1) whether the expense of a second litigation would be excessive and duplicative; (2) how much effort and expense has been expended by the defendant in preparing for the current trial; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in [filing] the motion to dismiss; and (5) whether the attempt at dismissal is designed to evade federal jurisdiction and frustrate the purpose of the removal statue."

*Young*, 2005 WL 2886218, at *3 (quoting *Peltz v. Sears, Roebuck & Co.*, 367 F.Supp.2d 711, 715 (E.D. Pa. Mar.8, 2005)).

This case is in its infancy, with no substantive discovery or motion practice having taken place.  ACS cannot sufficiently establish that any of the first four factors warrants a dismissal on only ACS's terms.  While the Court in no way means to minimize ACS's concerns over the possibility of a second lawsuit, there is, frankly, insufficient indication of any forum shopping on Plaintiffs' part.  Plaintiffs withdrew their motion to remand, and instead moved to voluntarily dismiss the case and asserted that they had no intention to further pursue their claims.  ECF No. 13-1.  Rule 11(b)(1) requires that any written motion submitted to the Court not be "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]"  The Court has no adequate reason to doubt Plaintiffs' sincerity, and dismissal under Rule 41(a)(2) is a matter left to the Court's discretion.  The mere prospect of a second action is not sufficient to establish the requisite level of prejudice.  The Court will permit Plaintiffs to

dismiss this matter without prejudice and without the conditions ACS seeks to impose.  This case will be marked as closed.

<strong>ORDER OF COURT</strong>

Plaintiffs' Motion for Voluntary Dismissal Without Prejudice (ECF No. 13) is granted. This case is dismissed without prejudice.  The Clerk of Court shall mark this case as closed.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: April 22, 2026

cc: All counsel of record

3